**TIFFANI S. SHARP, ESQ.**
SBN 221227
2110 K Street
Sacramento, CA  95816
Telephone: (916) 440-0240
Fax:(916) 440-0239

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALEJHA ALOHI CROSS<br><br>    Plaintiff,<br><br><br>          v.<br>UR MENDOZA JADDOU, in their capacity as Director of U.S. Citizenship and Immigration Services,<br>U.S. Citizenship and Immigration Services;<br><br>ALEJANDRO MAYORKAS, in their official capacity as Secretary, U.S. Department of Homeland Security,<br>U.S. Department of Homeland Security;<br><br>TERRI ROBINSON, in their capacity as the Director of United States Citizenship and Immigration Services' National Benefits Center;<br><br><br>    Defendants, | Case No. 21-703<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. Plaintiff Talejha Aohi Cross ("Cross") is a 22-year-old citizen from Jamaica who is the beneficiary of an approved Form I-130, Petition for Alien Relative filed by her lawful permanent resident mother with a Priority Date of August 14, 2017. The petitioned was filed while Plaintiff Cross was 19-years-old and falls within the Child Status Protection Act ("CSPA"). The CSPA was enacted to protect certain children from aging out. The CSPA provides a method for calculating a person's age to see if they meet the definition of a child for immigration purposes. The calculated age is the child's "CSPA age" and allows some people to remain classified as children beyond their 21st birthday. Ms. Cross fits into this category as she has remained unmarried and her original classification under F2A remains even though she'd reached the age of 21 years old. *See* 8 U.S.C. section 1151(f)(1).

2. Plaintiff Cross lawfully entered the United States as a B2 nonimmigrant visitor on February 16, 2020 with her duration of stay granted until August 15, 2020. The Priority Date for the petition in which Plaintiff Cross is a beneficiary of became current and an immigrant visa became available for Plaintiff Cross on June 1, 2020.

3. Plaintiff Cross applied for Adjustment of Status by submitting her Form I-485, Application to Register Permanent Residence or Adjust Status ("adjustment of status application") on July 27, 2020 while she was still in valid nonimmigrant B2 status before and before it expired on August 15, 2020. 8 U.S.C. section 1255(a) permits:

> "[t]he status of an alien who was inspected and admitted or paroled into the United States ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the

1

United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed,"

4. However, the United States Citizenship and Immigration Services ("USCIS") erroneously classified her visa petition as a category F2B case for which the Priority Date was not current and subsequently rejected Plaintiff Cross' originally submitted adjustment of status application in their Rejection Notice dated August 15, 2020, the same day Plaintiff Cross' nonimmigrant visa status expired.

5. Plaintiff Cross resubmitted her application for adjustment of status with explanation of the USCIS rejection error and requested that the resubmitted application be given the prior submission date of July 27, 2020 due to USCIS error in rejecting her original application.

6. Despite the request to correct the USCIS error, USCIS accepted the resubmitted adjustment of status application but instead put the received date of September 8, 2020 rather than the original correct initial submission date of July 27, 2020. This had a detrimental effect on Plaintiff Cross' case resulting in a denial dated June 7, 2021 for having filed when she was not in lawful nonimmigrant status even though it was USCIS error.   Had USCIS correctly accepted Plaintiff Cross' initial application which was submitted prior to the expiration of her lawful nonimmigrant status, Plaintiff Cross would have been able to adjust her status to that of lawful permanent resident as she is legally entitled to do. Furthermore, had USCIS acknowledged their own agency error and backdated the resubmitted application to that of the original submission date as requested, Plaintiff Cross would have been able to adjust her status to that of lawful permanent resident.

7. Plaintiff therefore brings this action to compel the Defendants and those acting under them to take all appropriate action to accept Plaintiff's application for adjustment of status as timely filed before the expiration of her nonimmigrant status and to adjudicate the Plaintiff's adjustment of status application on its merits.

## JURISDICTION

8. This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. sections 1101 *et seq.*, the regulations implementing the INA, and the Administrative Procedure Act ("APA"), 5 U.S.C. sections 701 *et. seq.*

9. This Court has jurisdiction pursuant to 28 U.S.C. section 1331. The Court may grant injunctive relief pursuant to 5 U.S.C. sections 701 and 706 and 28 U.S.C. section 1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. section 702.

## VENUE

10. Venue in this district is proper under 28 U.S.C. section 1391(e) because Defendants are officers or employees of the United States or agencies thereof acting in their official capacities, Plaintiff resides within the District, no real property is involved, and a substantial part of the events giving rise to the claims occurred in the District.

## PARTIES

11. Plaintiff Talejha Aohi Cross is a 22-year-old citizen from Jamaica who currently resides in Lathrop, California.

12. Defendant Ur Mendoza Jaddou is the Director of USCIS, an "agency" within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. section 551(1). In this capacity, they oversee the adjudication of immigration benefits and establishes and implements governing policies. 6 U.S.C. sections 271(a)(3), (b). They have the ultimate

responsibility for the adjudication of adjustment of status applications and is sued in their official capacity.

13. Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security ("DHS"), an "agency" within the meaning of the APA. 5 U.S.C. section 551(1). In this capacity, they oversee USCIS.

14. Defendant Terri Robinson is the Director of the USCIS National Benefits Center, which adjudicates adjustment of status applications. They are being sued in their official capacity.

## LEGAL BACKGROUND

15. The Child Status Protection Act ("CSPA") was enacted to protect certain children from aging out. The CSPA provides a method for calculating a person's age to see if they meet the definition of a child for immigration purposes. The calculated age is the child's "CSPA age" and allows some people to remain classified as children beyond their 21st birthday. The CSPA allows the beneficiary to use an adjusted age calculation on the day the priority date becomes current. The adjusted age is calculated on that date by subtracting the number of days the I-130 petition was pending from the child's biological age. Those in the preference categories who are able to preserve their "under 21" child status through age adjustment calculation and thus remain classified in the F-2A category or as a derivative, as is the case for Plaintiff Cross, must file for an immigrant visa or adjustment of status within one year of the priority date becoming current.

16. To be eligible for adjustment of status under the current stature, a noncitizen "who was inspected and admitted or paroled into the United States" may be adjusted to that of a permanent resident if the noncitizen (1) applies for such adjustment of status; (2) is

4

eligible to receive an immigrant visa and is admissible for permanent residency; and (3) has an immigrant visa immediately available to them at the time their application is filed. 8 U.S.C. section 1255(a). Under INA § 245(c), eligibility to file for adjustment of status for those in the preference categories requires nonimmigrants to have always remained in valid nonimmigrant status. As a result, preference immigrants who ever overstayed the period of time authorized on the I-94 entry document are ineligible to adjust under INA section 245(a).

## FACTS

17. Plaintiff Cross is a 22-year-old citizen from Jamaica who is the beneficiary of an approved Form I-130, Petition for Alien Relative filed by her lawful permanent resident mother with a Priority Date of August 14, 2017. The petitioned was filed while Plaintiff Cross was 19-years-old and falls within the Child Status Protection Act ("CSPA").

18. On February 16, 2020, Plaintiff Cross lawfully entered the United States as a B2 nonimmigrant visitor with her duration of stay granted until August 15, 2020. On June 1, 2020, while Plaintiff Cross was still in the United States and in lawful nonimmigrant status, the Priority Date for the petition in which Plaintiff Cross is a beneficiary of became current and an immigrant visa became available for Plaintiff Cross.

19. On July 27, 2020, while still in valid nonimmigrant status and before it expired on August 15, 2020, Plaintiff Cross applied for Adjustment of Status by submitting her adjustment of status application to USCIS for categorization as an F2A beneficiary.

20. USCIS records show that they received Plaintiff Cross' application on July 27, 2020 while she was still in valid nonimmigrant status. However, USCIS erroneously classified her visa petition as a category F2B case for which the Priority Date was not current and

subsequently rejected Plaintiff Cross' originally submitted adjustment of status application in their Rejection Notice dated August 15, 2020, the same day Plaintiff Cross' nonimmigrant visa status expired.

21. Plaintiff Cross resubmitted her application for adjustment of status with explanation of the USCIS rejection error and requested that the resubmitted application be given the prior submission date of July 27, 2020 due to USCIS error in rejecting her original application.

22. On September 8, 2020, USCIS accepted the resubmitted adjustment of status application but instead of putting the correct received date of July 20, 20202, USCIC instead put the received date of September 8, 2020 which was after the expiration of Plaintiff Cross' nonimmigrant status.

23. USCIS's error has had a detrimental effect on Plaintiff Cross and caused her irreparable harm. It has caused her emotional harm in having to endure the possibility of not being able to immigrate to the United States and be reunited with her mother despite having submitted her application correctly. It has caused further harm to her present and future ability to lawfully immigrate to the United States thereby further causing emotional and psychological harm.

## CAUSE OF ACTION

(Violation of the Administrative Procedure Act)

24. All the foregoing allegations are repeated and re-alleged as though fully set forth herein.

25. The APA, 5 U.S.C. section 706(2) provides for agency action to be set aside when it is "not in accordance with law; contrary to constitutional right, power, privilege, or immunity;" or "in excess of statutory jurisdiction, authority, or limitations, or short of

statutory right." This occurs when the agency action runs afoul of a regulation, federal statute, or the Constitution. The APA, 5 U.S.C. section 702 states that a person who is suffering a legal wrong because of agency action, or who is adversely affected by agency action within the meaning of a relevant statute, is entitled to judicial review. "Agency action" is defined to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. section 551(13). Thus, an agency action may include the denial of a visa petition or an application for adjustment. It can also include the agency's failure to adjudicate a visa petition or adjustment application.

26. Here, Defendants acted arbitrarily, capriciously, and contrary to law in violation of the APA by denying Plaintiff Cross' application for adjustment of status. In denying Plaintiff Cross' application for adjustment of status, USCIS committed three (3) errors warranting remedy.

27. First, USCIS failed to correctly accept Plaintiff Cross' application as an F2A family-based preference category when originally submitted while she was still in valid nonimmigrant status as prescribed by 8 U.S.C. section 1255(a). Plaintiff Cross' application for adjustment of status was sent and received by USCIS before her valid nonimmigrant visitor visa status expired. Despite giving a full explanation of her F2A eligibility and proving that her priority date was current, UCSIS rejected her case via its Rejection Notice dated August 15, 2020, citing that her priority date as not being current as rationale.

28. Second, USCIS failed to correct their error and accept the resubmitted adjustment of status application, which included a detailed explanation of their error. Rather accept the

resubmitted application with the original correct initial submission date of July 27, 2020 USCIS instead put the received date of September 8, 2020. This had a detrimental effect on Plaintiff Cross case resulting in a denial for having filed when she was not in lawful nonimmigrant status even though it was USCIS error. Had USCIS correctly accepted Ms. Cross' initial application which was submitted prior to the expiration of her lawful nonimmigrant status, Plaintiff Cross would have been able to adjust her status to that of lawful permanent resident as she is legally entitled to do. Furthermore, had USCIS acknowledged their own agency error and backdated the resubmitted application to that of the original submission date as requested, Plaintiff Cross would have been able to adjust her status to that of lawful permanent resident.

29. Third, Defendants failed to properly adjudicate Plaintiff Cross' application for adjustment of status and denied her application even though the lack of properly timed submission was due to USCIS error. Under 8 U.S.C. section 1255(c)(2), an applicant is barred from adjusting status if they have "failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States." As relevant here, an implementing regulation, 8 C.F.R. section 245.1(d)(2)(ii), interprets the phrase, "other than through no fault of his own or for technical reasons," to mean a "technical violation resulting from inaction of [USCIS]." Attias v. Crandall, No. 18-56629 (9th Cir. 2020). After being lawfully "admitted or paroled into the United States," an applicant's status "may be adjusted" to lawful permanent resident if certain conditions are met. 8 U.S.C. section 1255(a). But an applicant is categorically prohibited from obtaining an adjustment of status if they fall into one of eight categories enumerated in 8 U.S.C. § 1255(c). The relevant category for our purposes is the second one. Under

that provision, an applicant is barred from adjusting status if the applicant "has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States." Id. section 1255(c)(2). In other words, an applicant is ineligible for lawful-permanent-resident status if the applicant's lawful status has lapsed at any point since entering the country, unless the they demonstrate the lapse occurred "through no fault of his own or for technical reasons." Id. The statute provides no further definition of the phrases "lawful status" or "through no fault of his own or for technical reasons." See id. But an implementing regulation does. As relevant here, the regulation defines "[l]awful immigration status" as "[a]n alien admitted to the United States in nonimmigrant status . . . whose initial period of admission has not expired or whose nonimmigrant status has been extended." 8 C.F.R. section 245.1(d)(1)(ii). The regulation also interprets "[t]he parenthetical phrase other than through no fault of his or her own or for technical reasons" to mean "[a] technical violation resulting from inaction of [USCIS] (as for example, where an applicant establishes that he or she properly filed a timely request to maintain status and [USCIS] has not yet acted on that request)." Id. section 245.1(d)(2)(ii). Thus, if an alien's lapse in lawful status "result[s] from inaction of" USCIS, the lapse is excused and will not render the applicant ineligible for adjustment of status under section1255(c).

30. Therefore, USCIS' own agency error in first erroneously rejecting Plaintiff Cross' initial correctly filed adjustment of status application as incorrectly being classified F2B case versus the correct F2A case as per the CSPA is an agency error that cannot be upheld. Additionally, USCIS failure to backdate the resubmitted application to reflect the date of the originally correctly submitted application filed while Plaintiff Cross was in lawful

nonimmigrant status and the subsequent denial of her case due to it having been noted as filed after her lawful nonimmigrant status expired has caused significant harm to Plaintiff Cross which should be corrected by allowing Plaintiff Cross to properly adjust her status to that of lawful permanent resident.  These failures are so egregious that this court's intervention is needed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Compel Defendants to rescind their denial dated June 7, 2021 and adjudicate Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status as properly received as of July 27, 2020.

3. Award Plaintiffs' counsel reasonable attorneys' fees under the Equal Access to Justice Act, and any other applicable statute or regulation; and

4. Award such further relief as the Court deems necessary or proper.

Dated: August 2, 2021                              Respectfully submitted.

                                      Tiffani S. Sharp (Cal. Bar No. 221227)
                                      Tiffani S. Sharp, Attorney at Law
                                      2110 K Street
                                      Sacramento, CA  95816
                                      Phone: (916) 440-0240
                                      Email: attorney@tsharplaw.com
                                      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August 2021, I electronically filed the foregoing Complaint with the Clerk of the Court of the United States District Court for the Eastern District of California by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


By:    s/ Tiffani S. Sharp
       Tiffani S. Sharp
       2110 K Street
       Sacramento, California 95816
       Tel: (916) 440-0240

       Attorney for Plaintiff